UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:12CV-P19-M

TROY W. BURDEN                                                            PLAINTIFF

v.

DAVIESS COUNTY DETENTION CENTER                 DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff Troy W. Burden filed a *pro se* complaint arising out of his incarceration at the Daviess County Detention Center. Plaintiff originally filed suit with another prisoner. The Court ordered the claims to be severed because they were not properly joined under Fed. R. Civ. P. 20(a). Plaintiff also filed a letter asking that the case be dismissed because he could not afford the filing fee (DN 4). However, as the Court explained by prior Memorandum and Order, the obligation to pay the filing fee attached when Plaintiff filed the action. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

       By Memorandum and Order entered July 5, 2012, the Court ordered Plaintiff to file an amended complaint within 30 days stating only the allegations asserted by him and identifying the Defendants against whom he wished to proceed. The Memorandum and Order further stated, "If Plaintiff does not file an amended complaint within 30 days of the entry of this Order, the Court will construe his letter as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a) and dismiss the action." More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to that Memorandum and Order.

       Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there

is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Memorandum and Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action without prejudice.

Date: August 15, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff Burden, *pro se*
    Defendant
4414.010